**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOVENEL DOLCE,<br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, Superintendent, Wyatt Detention Facility; MARKWAYNE MULLIN, as Secretary of the Department of Homeland Security; TODD LYONS, as Acting Director of the U.S. Immigration and Customs Enforcement; PATRICIA HYDE, as Acting Boston Field Office Director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States,<br>Respondents. | C.A. No. 26-cv-607-MRD-AEM |

**ORDER**

Before the Court is Petitioner Jovenel Dolce's Petition for Writ of Habeas Corpus wherein he argues that he is entitled to immediate release and/or a custody redetermination (bond) hearing under 8 U.S.C. § 1226(a).[1] ECF No. 1. The Respondents object on the grounds that while Petitioner was paroled into the country, that grant of parole has since expired causing his status to revert to mandatory

[1] The Petition does not delineate specific "counts" or "causes of action" and instead broadly cites to the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1226(a), and the Administrative Procedures Act under a single heading entitled "CAUSE OF ACTION[.]" ECF No. 1 at 4-8.

detention under 8 U.S.C. § 1225(b). ECF No. 6. For the reasons discussed herein, the Court agrees with Respondents and denies the Petition.

Petitioner is a 42-year-old Haitian national who entered the United States through a port of entry in Hidalgo, Texas on October 21, 2023.[2] ECF No. 1 ¶¶ 2, 10; ECF No. 6 at 2. Petitioner was apprehended at the port of entry and applied for admission into the United States. ECF No. 6-2. That same day, Petitioner was temporarily paroled into the country for a period of two years and issued a Notice to Appear ("NTA"). ECF No. 6 at 2–3. His parole expired on October 21, 2025. *Id.*; ECF No. 6-1. Petitioner was living in this country seamlessly until August 8, 2026 when he was arrested by Boston police and charged with assault and battery.[3] ECF No. 1 ¶ 11; ECF No. 5-3; ECF No. 6 at 2–3. That same day Petitioner was transferred into the custody of Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶ 11. He filed this Petition on August 27, 2026, and the Respondents objected on September 1, 2026.

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) because he was arrested within the interior of the United States. *Id.* ¶¶ 16, 19. Respondents

---

[2] Petitioner asserts he was not encountered at a port of entry, ECF No. 1 ¶ 22, but this assertion is contradicted by the Notice to Appear. ECF No. 6-2.

[3] The Court notes that ECF No. 5-2 is an "Application for Criminal Complaint" which lists charges of assault and battery on a family/household member and strangulation or suffocation. However, the Criminal Complaint shows that Petitioner was only charged with assault and battery on a family/household member, not strangulation or suffocation, ECF No. 5-3, so Respondents' assertion that he faces "charges of assault and battery of a household member *and strangulation,*" *see* ECF No. 6 at 3, is misleading.

counter that noncitizens who arrive at a port of entry and paroled into the country have their otherwise mandatory detention under § 1225(b)(2) suspended for the length of the parole period. ECF No. 6 at 1. Respondents go on to explain that once parole expires, the noncitizen's status reverts to the period immediately preceding parole. *Id.* at 1–2.

8 U.S.C. § 1182(d)(5)(A) deals with parole and explains the following:

> The Secretary of Homeland Security may … in his discretion parole [a noncitizen] into the United States temporarily … but such parole of such [noncitizen] *shall not be regarded as an admission of the [noncitizen]* and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

Further, under 8 C.F.R. § 212.5(e)(1), "[p]arole shall be automatically terminated without written notice … if [the noncitizen has] not departed, *at the expiration of the time for which parole was authorized*." That provision goes on to explain that, in these circumstances, the "[noncitizen] shall be processed in accordance with paragraph (e)(2)" which states that, absent an application for adjustment of status, the noncitizen is subject "to termination of parole status and institution of proceedings under sections 235 and 236 of the Act without written notice[.]" 8 C.F.R. § 212.5(e)(2)(ii). In *Martinez v. Hyde*, a colleague in the District of Massachusetts explained that "[p]arole 'into the United States', under section 1182(d)(5)(A), permits a non-citizen to physically enter the country, subject to a reservation of rights by the Government that it may continue to treat the non-citizen 'as if stopped at the border.'"

792 F. Supp. 3d 211, 215 (D. Mass. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

In this case, it is beyond dispute that Petitioner was paroled into the United States and that his parole expired on October 21, 2025. To support this, the Respondents include an I-94, issued by U.S. Customs and Border Protection, and the NTA issued by the Department of Homeland Security.[4] ECF No. 6-1; ECF No. 6-2. The I-94 makes clear that Petitioner's arrival date was "2023 October 21" and that he was admitted until "2025 October 21[.]" The NTA notes several relevant factors about Petitioner:

- That he "[is] an arriving alien[;]"
- That he "[is] not a citizen or national of the United States;"
- That he "[is] an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;"
- That "[o]n October 21, 2023, [he] applied for admission into the United States at the Hidalgo, Texas Port of Entry[.]"

ECF No. 6-2. Petitioner was provided a copy of the NTA on October 21, 2023. *Id.* Absent any evidence that Petitioner's status was adjusted in the two years he was present in the United States, the law provides that Petitioner's status reverts to that of an "arriving alien" and allows the Respondents to treat him "as if stopped at the border."[5] *Martinez*, 792 F. Supp. 3d at 215; *see* 8 U.S.C. § 1182(d)(5)(A). The NTA

[4] This I-94 form is also known as "an Arrival/Departure Form." *Corado-Arriaza v. Lynch*, 844 F.3d 74, 76 (1st Cir. 2016).

[5] Petitioner did not file any exhibits with his Petition, or a Reply brief indicating that he took steps to seek admission to the United States during his two-year parole period.

classifies Petitioner as an "arriving alien" which means he falls under 8 U.S.C. § 1225(b)(2). Section 1225(b)(2)(A) explains that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond doubt entitled to be admitted, the alien *shall* be detained for a [removal] proceeding under 1229a of this title."

Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2). Petitioner is therefore subject to mandatory detention, and he is not entitled to a custody redetermination hearing. His Petition is DENIED.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

09/14/2026